UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DEWAYNE POWELL, | No. 2:21-cv-02263-TLN-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition, arguing that five of the six claims presented have not been exhausted in the California Supreme Court. ECF No. 11. For the reasons that follow, the motion must be granted.

**I.     Background**

Petitioner is serving a 175-years-to-life sentence following his conviction on five counts of residential burglary (enhanced due to prior convictions, among other things). ECF Nos. 1 at 1, 12-1 at 1, 12-2 at 2-3. The sentence was largely affirmed on direct appeal to the California Court of Appeal, and the state supreme court denied petitioner's request for review on September 29, 2021. ECF Nos. 12-2. 12-3, 12-4. Petitioner did not file any state habeas actions. He filed the instant case on December 9, 2021. ECF No. 1.

1

## II. Analysis

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id*. (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, a court will generally dismiss the petition without prejudice,

allowing the petitioner to return to state court to exhaust the claim and then refile the federal petition. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Alternatively, the petitioner may ask the federal court to stay its consideration of the petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. The Ninth Circuit

has held that the petitions raising entirely unexhausted claims may also be stayed under the *Rhines* procedure. *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016).

Petitioner raises five claims in this case: (1) illegal search and seizure; (2) ineffective assistance of counsel; (3) exclusion of exculpatory evidence; (4) denial of the right to a speedy trial; and (5) denial of a fair trial in various other ways, including violation of the right to confront adverse witnesses. ECF No. 1 at 4-5. In his fifth claim, petitioner includes the phrase "cruel and unusual punishment" although the body of the petition does not elaborate on this claim. *Id.* at 5. In his sole filing in the California Supreme Court, petitioner argued that the trial court had abused its discretion in refusing to strike one of his prior convictions and that the sentence was so long as to amount to cruel and unusual punishment. ECF No. 12-3. Thus, all of petitioner's instant claims other than his possible claim that his sentence amounts to cruel and unusual punishment have not been presented to the California Supreme Court.

Petitioner has not contested that fact, nor has he asked the court for a stay of these proceedings under either *Kelly* or *Rhines* so that he may present the unexhausted claims to the state high court. Accordingly, the petition contains unexhausted claims and must be dismissed. Petitioner must be given the opportunity to file an amended petition containing only the exhausted claim. *Kelly v. Small*, 315 F.3d 1063, 1069-70 (9th Cir. 2002) (where a federal habeas petition contains both exhausted and unexhausted claims, the court must give the petitioner an opportunity to dismiss the unexhausted claims and proceed on the others).

### III.  Recommendation

It is therefore RECOMMENDED that respondent's February 8, 2022 motion to dismiss (ECF No. 11) be GRANTED and the petition dismissed with leave to amend to file a petition containing only exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2022.

                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE