1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY DEWAYNE POWELL,                 No.  2:21-cv-02263-DAD-EFB (HC)

12                 Petitioner,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   PATRICK COVELLO, Warden[1]

15                 Respondent.

16

17        Petitioner is a state prisoner proceeding without counsel in this amended petition for a writ

18   of habeas corpus.[2]  28 U.S.C. § 2254.  He challenges his convictions for burglary in the Superior

19   Court of Sacramento County, and the sentence he received.  ECF No. 27 at 2.  Petitioner alleges

20   that his motion to strike a previous felony should have been granted, and that his sentence

21   constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *Id.* at 3-4.  For

22   the reasons that follow, the petition must be denied.

23   /////

24   _____

25        [1] Petitioner named the People of the State of California as respondent.  ECF No. 27 at 1.
     Petitioner is incarcerated at Mule Creek State Prison, and the warden of that facility has been
26   substituted as respondent.

27        [2] Petitioner's original petition (ECF No. 1) was dismissed with leave to file an amended
     petition containing only exhausted claims.  ECF Nos. 19, 21, and 24.  He subsequently filed an
28   amended petition on November 7, 2022, to which respondent filed an answer on January 5, 2023.
     ECF Nos. 27 and 32.

## I.      Background

The facts, as relayed by the California Court of Appeal[3], are:

In late February 2017, police who responded to a suspected residential burglary in Elk Grove found screens removed from the windows of a home and shoe prints on the staircase.  Defendant's fingerprints were found at the scene.  Later, a resident of the home realized that jewelry worth thousands of dollars was gone, and police recovered property belonging to the resident inside defendant's backpack.

In early March 2017, a married couple discovered they were missing multiple items from their Elk Grove home, including a digital camera, power tools, and credit cards.  On a day when the couple left their house by 6:30 a.m., the home security system indicated someone entered the house at 7:11 a.m. and left at 7:30 a.m.  Days later, defendant used one of the missing credit cards to purchase a video game system.

Also in March 2017, a 15-year-old Elk Grove girl was alone in her house and getting ready for school when she saw a man standing in her bedroom doorway. The man told the girl he was a police officer, and left.  The girl later identified defendant as the man who was in her home, both in a photo lineup and at trial.

Later that month, an Elk Grove resident returned to her house to find several items missing, including a camera and a laptop computer.  The camera was found later in a motel room defendant occupied.

Also in March 2017, a man returned to his Elk Grove home after work and noticed that a window was open in a downstairs bedroom, and that a screen had been removed.  He also noticed large shoeprints on the hardwood floor.  Cash, a credit card, and jewelry was missing.  Defendant's thumb print was found at the scene.

In May 2020, a Sacramento County prosecutor filed an amended information charging defendant with multiple counts of first degree residential burglary.  (Pen. Code, § 459.) [footnote omitted].  The amended information alleged that – in connection with the confrontation with the teenager (count three) – someone other than an accomplice was present in the residence during the burglary.  (§ 667.5, subd. (c)(21).)  The information further alleged defendant: (i) had prior residential burglary convictions in 2006 and 2008, which triggered (a) the Three Strikes sentencing law (§§ 667, subd. (e)(2), 1170.12, subd. (c)2)) and (b) prior serious felony conviction enhancements (§ 667, subd. (a)); and (ii) served a prior prison term (§ 667.5, subd. (b)).

Defendant took the stand at his trial and denied that he committed any of the burglaries.

A jury found defendant guilty on five counts of residential burglary and found true the allegation regarding count three.  The jury also found true the prior conviction allegations.

---

[3] The facts recited by the state appellate court are presumed to be correct where, as here, the petitioner has not rebutted the facts with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Slovik v. Yates*, 556 F.3d 747, 749 n.1 (9th Cir. 2009) (as amended).

Before sentencing, defendant filed a *Romero* motion to strike his 2006 residential burglary conviction in the furtherance of justice.  The People opposed.

At a July 2020 sentencing hearing, the trial court denied the *Romero* motion, explaining that "over the last 14 years, [defendant] ha[d] developed an impressive and increasingly serious resume of criminal activity that began in 2006 at the age of 20," when defendant "started down his path of committing residential burglaries."  Defendant "was given a chance on supervised probation and sentence to just over a year in the county jail," but he "was not successful on probation, however.  And two years later in 2008, he was convicted of another residential burglary and sentenced to a term in state prison."

"It appears that [defendant] spent just over seven years in state prison and was released on parole in 2015.  While supervised on parole, [defendant] committed the crimes that are before the [c]ourt today.  And in a time span of less than 30 days, [defendant] . . . commit[ed] five separate residential burglaries, one of which . . . involved a young girl who was present in her home when [defendant] unlawfully entered it. [¶]  But this did not deter [defendant], because three days later, he committed [another] burglary. . . ."

"And while I appreciate that I have the discretion to strike one or more of [defendant's] prior convictions, I do not find that this is the case, nor [defendant] the person, in which it would be appropriate to do so.  [¶]  I find he falls within the intent and spirit of the Three Strikes Law, and that is to prevent career and increasingly serious criminals from further criminal conduct.  [¶]  So at this time, I decline to exercise that discretion and will deny the motion."

Having denied the *Romero* motion, the trial court sentenced defendant to an aggregate term of 175 years to life in prison, consisting of (a) five consecutive indeterminate terms of 25 years to life on each of the burglaries (pursuant to the Three Strikes law), plus (b) another 10 years on each count (five years for each of the two prior serious felony convictions).  The trial court also imposed but stayed an additional year for the prior prison term.

The trial court asked defendant if he had any questions.  Defendant replied: "Yeah. So what are you sentencing me to?"  The trial court explained that the sentence was "175 years to life in prison," meaning that defendant would spend the rest of his life in prison.  Defendant replied, "That's a little draconian, don't you think?" "I think it's appropriate given what you've done," the trial court responded.

*People v. Powell*, No. C092459, 2021 WL 3123990 (Cal. Ct. App. July 23, 2021); ECF No. 31-10 at 2-4, *review denied*  (Sept. 29, 2021); ECF No. 31-12.

Petitioner's appeal of his convictions was rejected by the state appellate court.  ECF No. 31-10.  The California Supreme Court denied review.  ECF No. 31-13.

## II.    Analysis

### A.  Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28

3

U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision.  *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S.34 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced."  *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (citing *Parker v. Matthews*, 567 U.S. 37, 47-49 (2012) (per curiam)).  Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct."  *Id*.  Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established Federal law" governing that issue.  *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law under § 2254(d)(1) if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  *Price v. Vincent*, 538 U.S. 634,

4

640 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4]  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004).  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams*, 529 U.S. at 412; *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims.  *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

/////

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding."  *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

1    In evaluating whether the petition satisfies § 2254(d), a federal court looks to the last

2    reasoned state court decision.  *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044,

3    1055 (9th Cir. 2004).  If the last reasoned state court decision adopts or substantially incorporates

4    the reasoning from a previous state court decision, the court may consider both decisions to

5    ascertain the reasoning of the last decision.  *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir.

6    2007) (en banc).  "When a federal claim has been presented to a state court and the state court has

7    denied relief, it may be presumed that the state court adjudicated the claim on the merits in the

8    absence of any indication or state-law procedural principles to the contrary."  *Richter*, 562 U.S. at

9    99.  This presumption may be overcome by a showing "there is reason to think some other

10   explanation for the state court's decision is more likely."  *Id*. at 99-100 (citing *Ylst v.*

11   *Nunnemaker*, 501 U.S. 797, 803 (1991)).  Similarly, when a state court decision on a petitioner's

12   claims rejects some claims but does not expressly address a federal claim, a federal habeas court

13   must presume, subject to rebuttal, that the federal claim was adjudicated on the merits.  *Johnson*

14   *v. Williams*, 568 U.S. 289, 293 (2013).

15   Where the state court reaches a decision on the merits but provides no reasoning to

16   support its conclusion, a federal habeas court independently reviews the record to determine

17   whether habeas corpus relief is available under § 2254(d).  *Stanley*, 633 F.3d at 860; *Himes v.*

18   *Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo

19   review of the constitutional issue, but rather, the only method by which we can determine whether

20   a silent state court decision is objectively unreasonable."  *Himes*, 336 F.3d at 853.  Where no

21   reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

22   reasonable basis for the state court to deny relief."  *Richter*, 562 U.S. at 99-100.

23   When it is clear, however, that a state court has not reached the merits of a petitioner's

24   claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

25   habeas court must review the claim de novo.  *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462

26   F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

27   /////

28   /////

1

B. *Petitioner's Romero Claim*

2          Petitioner maintains that the trial court abused its discretion in denying his *Romero* motion

3   to strike a previous serious felony.  ECF No. 27 at 3.  The state appellate court addressed this

4   claim as follows:

5          Defendant contends the trial court abused its discretion in denying his motion to
           dismiss one of his residential burglary strike priors, as the denial lead to the
6          "draconian, unnecessarily long sentence," "wholly out of proportion to the
           circumstances."   Defendant insists that a "lengthy determinate sentence would
7          [have] more than suffice[d] to punish" him.  The People argue the trial court did
           not abuse its discretion.
8
           We agree with the People that the trial court did not abuse its discretion.
9
           In reviewing a ruling not to dismiss a strike, "the court in question must consider
10         whether, in light of the nature and circumstances of his present felonies and prior
           serious and/or violent felony convictions, and the particulars of his background,
11         character, and prospects, the defendant may be deemed outside the scheme's spirit,
           in whole or in part, and hence should be treated as though he had not previously
12         been convicted of one or more serious and/or violent felonies."  (*People v.
           Williams* (1998) 17 Cal. 4th 148, 161.)
13
           Here, the trial court understood it had discretion to dismiss the prior strikes, but
14         was unpersuaded defendant fell outside the spirit of the Three Strikes scheme,
           given the series of relatively short periods of time between defendant's releases
15         from custody and commission of new residential burglaries, including five
           independent residential burglaries within 30 days in 2017.  That criminal history
16         supports the trial court's decision.  (See *People v. Strong* (2001) 87 Cal. Ap. 4th
           328, 346 ["Had defendant not had a 22-year criminal history, but only a recent
17         violent assault, soon followed by another felony while still on parole, surely
           defendant would come within both the letter and the spirit of the Three Strikes
18         law"]; *id.* at p. 347 ["a career criminal who falls within the letter of the Three
           Strikes law – which was meant to apply to career criminal – should be deemed
19         outside its spirit only in extraordinary circumstances."].)

20         Thus, the court's decision not to strike defendant's 2006 residential burglary
           conviction was not "so irrational or arbitrary that no reasonable person could agree
21         with it," (*People v. Carmony* (2004) 33 Cal. 4th 367, 377) and we find no abuse of
           discretion.
22

23   ECF No. 31-10 at 5-6.

24         Here, petitioner is challenging the state court's application of state sentencing law.

25   Habeas corpus relief, however, is unavailable for alleged errors in the interpretation or application

26   of state sentencing laws by either a state trial or appellate court, unless the error resulted in a

27   complete miscarriage of justice.  *Hill v. United States,* 368 U.S. 424, 428 (1962); *Hendricks v.*

28   *Zenon*, 993 F.2d 664, 674 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2s 1083, 1085 (9th  Cir.

1985).  So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are a matter of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).  Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law.  *See, e.g. Miller v. Vasquez,* 868 F.2d 1116 (9th Cir. 1989).  Thus, in *Miller*, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements.  *Id.* at 1118-19.  The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in the interpretation and application of state law.  *Id.* (quoting *Middleton*, 768 F.2d at 1085).

As previously noted, whether or not the state court should have struck defendant's 2006 burglary conviction in its consideration of his sentence involves an interpretation of state sentencing law.  Federal courts are "bound by a state court's construction of its own penal statutes," *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993), and this court must defer to the California courts' interpretation of the California Three Strikes Law unless their "interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989.)  There is no evidence of that here.

The sentencing judge in this case declined to strike any of petitioner's prior convictions only after considering all of the relevant circumstances and applying the applicable law.  The California Court of Appeal carefully considered the entire record in rejecting petitioner's claims based on the trial judge's refusal to strike one or more of his prior convictions at the time of sentencing.  Its decision with respect to the application of state sentencing law is not contrary to or an unreasonable application of federal law and does not justify the granting of federal habeas relief.  After a careful review of the sentencing proceedings, this court finds no federal

constitutional violation in the state trial judge's exercise of his sentencing discretion.[5]

Accordingly, petitioner is not entitled to relief on this claim.

### C. Petitioner's Eighth Amendment Claim

Petitioner also alleges that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. ECF No. 27 at 3. The state appellate court addressed this claim as follows:

> Defendant argues his sentence constitutes cruel and unusual punishment under the state and federal Constitutions. The People argue the claim is forfeited because defendant did not raise it in the trial court, and, in any event, the sentence is not unconstitutional. Defendant insists the claim is not forfeited for a variety of reasons, including ineffective assistance of trial counsel in failing to make the argument.
>
> Because we reject the claim on the merits, we need not address the question of forfeiture.
>
> "The Eighth Amendment prohibits 'a sentence that is grossly disproportionate to the severity of the crime.' (*Rummer v. Estelle* (1980) 445 U.S. 263, 271.) But '[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences has been exceedingly rare.' (*Id.* at p. 272.) 'The gross disproportionality principle reserves a constitutional violation for only the extraordinary case.' (*Lockyer v. Andrade* (2003) 538 U.S. 63, 77.) And while the 'precise contours' of that principle are unclear (*id.* at p.73), it *is* clear that a state may constitutionally punish a recidivist offender by imposing an extremely long prison sentence – even a life term – and even when the offenses are nonviolent. (*See Rummel v. Estelle*, at p. 274 [life sentence for fraudulent use of a credit card to obtain $80, forging a check for $28.36, and obtaining $120.75 by false pretenses]; *Ewing v. California* (2003) 538 U.S. 11, 18 [][25 years to life for stealing golf clubs]; *Lockyer v. Andrade*, at p. 77 [50 years to life for stealing video tapes].)" (*People v. Bernal* (2019) 42 Cal. App. 5th 1160, 1172 (*Bernal*).)
>
> Consistent with *Bernal's* recent review of relevant precedent, we conclude defendant's extremely long prison sentence for nonviolent (but serious) offenses does not violate the Eighth Amendment of the federal Constitution.
>
> "The California Constitution similarly prohibits cruel or unusual punishment (Cal. Const., art. I A punishment is cruel or unusual only if it 'is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.' (*In re Lynch* (1972) 8 Cal. 3d 410, 424.) More specifically, imposition of a life term for even a nonviolent felony

---

[5] If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation would be presented. *See Marzano v. Kinchelow*, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based). However, petitioner has not made a showing that such is the case here.

1      committed by a defendant with a history of serious or violent felony convictions
does not violate the California constitution. (*People v. Mantanez*, (2002) 98 Cal.
2      App. 4th 354, 363-364.)" (*Bernal, supra*, 42 Cal. App. 5th at pp. 1172-1173.)

3      Here, a sentence of 175 years to life resulted in part from application of the Three
Strikes law to defendant's recidivist criminal record: a string of residential
4      burglaries in 2017, following two separate periods of incarceration after residential
burglary convictions in 2006 and 2008. Accordingly, that sentence for the
5      commission of five serious felonies "by a defendant with a history of serious . . .
felony convictions does not violate the California Constitution." (*Bernal, supra*,
6      42 Cal. App. 5th at p. 1172.)

7  ECF No. 31-10 at 6-7.

8      The United States Supreme Court has held that the Eighth Amendment includes a "narrow

9  proportionality principle" that applies to terms of imprisonment. *See Harmelin v. Michigan*, 501

10  U.S. 957, 996 (1991) (Kennedy, J., concurring). *See also Taylor v. Lewis*, 460 F.3d 1093, 1097

11  (9th Cir. 2006). However, successful challenges in federal court to the proportionality of

12  particular sentences are "exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). *See*

13  *also Ramirez v. Castro*, 365 F.3d 755, 775 (9th h Cir. 2004). "The Eighth Amendment does not

14  require strict proportionality between crime and sentence. Rather, it forbids only extreme

15  sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001

16  (Kennedy, J, concurring) (citing *Solem v. Helm*).

17      The Supreme Court cases applied by the state appellate court here well supports its

18  conclusion that the sentence imposed is not violative of the Eighth Amendment. In *Lockyer v.*

19  *Andrade*, the United States Supreme Court held that it was not an unreasonable application of

20  clearly established federal law for the California Court of Appeal to affirm a "Three Strikes"

21  sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior

22  conviction involving theft of $150.00 worth of videotapes. *Andrade*, 583 U.S. at 75. In *Ewing v.*

23  *California*, 538 U.S. 11, 29 (2003), the Supreme Court held that a "Three Strikes" sentence of 25

24  years-to-life in prison imposed on a grand theft conviction involving the theft of three golf clubs

25  from a pro shop was not grossly disproportionate and did not violate the Eighth Amendment.

26  And in *Crosby v. Schwatrz*, 678 F.3d 784, 79-92 (9th Cir. 2021), the United States Court of

27  Appeals for the Ninth Circuit held that a sentence of 26 years to life under California's Three

28  Strikes Law for defendant's failure to annually update his registration as a sex offender and

1
2  failure to register within five days of a change of address did not constitute cruel and unusual
3  punishment, in violation of the Eighth Amendment.

4       In assessing the compliance of a non-capital sentence with the proportionality principle, a
5  reviewing court must consider "objective factors" to the extent possible. *Solem*, 463 U.S. at 290.
6  Foremost among these factors are the severity of the penalty imposed and the gravity of the
7  offense. "Comparisons among offenses can be made in light of, among other things, the harm
8  caused or threatened to the victim or society, the culpability of the offender, and the absolute
9  magnitude of the crime." *Taylor*, 460 F.3d at 1098.

10      This court finds that petitioner's sentence does not fall within the type of "exceedingly
11 rare" circumstances that would support a finding that his sentence violates the Eighth
12 Amendment.  Petitioner's sentence is certainly significant.  Petitioner, however, was convicted of
13 multiple felony counts of residential burglary.  In addition, he had a lengthy criminal history,
14 including crimes committed while he was on parole. ECF No. 31-10 at 2-4.  In light of the
15 decisions in *Andrade* and *Ewing*, which upheld sentences of twenty-five years to life for petty
16 theft convictions, the sentence imposed on petitioner is not grossly disproportionate.  Because
17 petitioner does not raise an inference of gross disproportionality, this court need not compare
18 petitioner's sentence to sentences of defendants in other jurisdictions.  This is not a case where "a
19 threshold comparison of the crime committed and the sentence imposed leads to an inference of
20 gross disproportionality." *Solem*, 463 U.S. at 1004-05.  The state courts' rejection of petitioner's
21 Eighth Amendment claim was not an unreasonable application of the Supreme Court's
22 proportionality standard.  Accordingly, this claim for relief must be denied.

23      **III.    Recommendation**

24      For the reasons stated above, it is hereby RECOMMENDED that the petition for writ of
25 habeas corpus be DENIED.

26      These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
28 after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 15, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE