UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DEWAYNE POWELL, | No. 2:21-cv-02263-DAD-EFB (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR FEDERAL HABEAS RELIEF |
| PATRICK COVELLO, | |
| Respondent. | (Doc. Nos. 27, 33) |

    Petitioner Jeffrey Dewayne Powell proceeds *pro se* with a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 27.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 16, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied. (Doc. No. 33.) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 11–12.) No objections to the findings and recommendations were filed and the time to do so has passed. However, on March 27, 2023, petitioner filed with the court documents labeled as "Exhibit A" and a "traverse" which petitioner characterizes as a "rebuttle (sic) to the answer of petition for writ of habeas corpus." (Doc. Nos. 34, 35.) The court has considered these

filings by petitioner as well. However, petitioner's arguments set forth in those filings do not meaningfully address or in any way call into question the analysis contained within the pending findings and recommendations of petitioner's claims to federal habeas relief.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Petitioner is not entitled to federal habeas relief as to his claim that the state trial court abused its discretion in denying his motion to dismiss one of his prior burglary convictions at sentencing—a so-called *Romero* motion. *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (a challenge to the denial of a *Romero* motion is a state law claim that cannot be considered by way of a federal habeas petition), *vacated on other grounds, Mayle v. Brown*, 538 U.S. 901 (2003).

Petitioner also claims that his 175-year to life prison sentence for his burglary convictions, imposed pursuant to California's Three Strikes law, violates the Eighth Amendment's prohibition of cruel and unusual punishment. The undersigned does acknowledge that the sentence imposed on petitioner was quite harsh even given the serious nature of his crimes of conviction and his prior criminal record. Nonetheless, the analysis of petitioner's Eighth Amendment claim set forth in the pending findings and recommendations is correct under the binding authority cited therein and the recommendation that relief be denied as to this claim is fully supported. *See also Miles v. Runnels,* 450 Fed. Appx. 653, 654 (9th Cir. 2011)[1] (affirming the denial of federal habeas relief challenging a 60-year to life sentence for two first-degree burglaries under California's Three Strikes law); *Shelton v. Knowles,* 406 Fed. Appx. 126, 129 (9th Cir. 2010) (31-years to life sentence for burglary was not cruel and unusual punishment); *Gonzalez v. Terhune*, 84 Fed. Appx. 931, 932 (9th Cir. 2003) (affirming the denial of a habeas claim challenging a 35-year to life sentence for a non-violent burglary by a petitioner with no criminal history of violence and citing the same Supreme Court decisions as cited in the pending findings and recommendations). Relief for petitioner, if any, would be limited to that available under California law.

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations filed on February 16, 2023 (Doc. No. 33) are adopted in full and the first amended petition for federal habeas relief (Doc. No. 27) is denied on the merits;
2. The court declines to issue a certificate of appealability; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 10, 2023**

UNITED STATES DISTRICT JUDGE

3